```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


TERRY LEE WALLS,                  §
TDCJ-CID #1247358,                §
                                  §
            Petitioner,           §
                                  §
v.                                §    CIVIL ACTION NO. H-05-3638
                                  §
DOUG DRETKE,                      §
                                  §
            Respondent.           §
```

### MEMORANDUM OPINION AND ORDER

Terry Lee Walls, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges a state court felony conviction. This action will be dismissed because it is successive and untimely.

### I.  Procedural History

Walls is in the TDCJ-CID serving a twenty-year sentence pursuant to a conviction for automobile theft. State v. Walls, No. 597582 (185th Dist. Ct., Harris County, Tex., Dec. 11, 1991). He has previously challenged the state court's judgment in a § 2254 habeas action that was dismissed with prejudice. Walls v. Scott, No. H-94-666 (S.D. Tex. Nov. 9, 1995). Before dismissing the action the court referred the case to the Magistrate Judge, who

issued a Memorandum and Recommendation that included a history of the proceedings.  Id., Docket Entry No. 35.  The Magistrate Judge's procedural history provides information about Walls' allegations.  In the present action this court has also referred to the Texas Court of Criminal Appeals website (http://www.cca.courts.state.tx.us/) regarding state court challenges made subsequent to the proceedings in No. H-94-666.

Walls filed a notice of appeal after being adjudged guilty of automobile theft and sentenced to twenty years in prison.  However, the Court of Appeals for the Fourteenth District of Texas dismissed the appeal because the notice was untimely.  Walls v. State, No. C14-92-00114-CR, 1992 WL 43940 (Tex. App. -- Hous. [14th Dist.] Mar. 5, 1992).  No petition for discretionary review (PDR) was filed.

Walls filed a series of state post-conviction applications for a writ of habeas corpus challenging the conviction under Article 11.07 of the Texas Code of Criminal Procedure.  Ex parte Walls, Nos. WR-9,710-16, WR-9,710-18, WR-9,710-19, WR-9,710-20, WR-9,710-21, WR-9,710-22, and WR-9,710-23.[1]  The last application, No. WR-9,710-23, was dismissed as successive on August 20, 2000.  The

---

[1] The first four applications, Nos. WR-9,710-16, WR-9,710-18, WR-9,710-19, and WR-9,710-20, were filed before the United States District Court dismissed the federal petition filed in No. H-94-666.  The remaining applications were found on the Court of Criminal Appeals website.

present federal habeas petition was filed on October 12, 2005, the date of Walls' signature.  See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

## II.  Claims

Walls presents the following arguments:

1. Walls was denied a meaningful appeal because his trial transcripts were lost.

2. The trial court committed reversible error during the punishment phase of the trial by sentencing him as a repeat offender after the State abandoned one of the two alleged prior convictions.

3. The United States District Court previously ordered the respondent to answer the allegation regarding the lost transcripts; however, the issue was never addressed.

## III.  Analysis

As indicated above, this action is Walls' second habeas challenge to his conviction.  Walls must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition challenging the same state court judgment.  28 U.S.C. § 2244(b)(3).  There is no showing that the Fifth Circuit has granted permission, nor does Walls indicate that he sought permission to file another one.  Without such permission this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999);

United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). See also United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Furthermore, this petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provisions that restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

Walls' appeal was dismissed on March 5, 1992, and no further action was taken on direct appeal. Consequently, his conviction became final on April 5, 1992, the last day he could have filed a PDR under Texas law. See TEX. R. APP. P. 202(b) (1992) (PDR must be filed within 30 days of judgment affirming conviction or order overruling motion for rehearing); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the federal habeas limitations period commenced when the period for filing a PDR in state court ended).

Walls is entitled to a one-year grace period after April 24, 1996, because his conviction became final before the AEDPA time limitation was enacted. See Flanagan, 154 F.3d at 200. Moreover, the deadline would be extended by any properly filed state habeas applications. Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000). Despite these allowances, Walls' petition is still clearly untimely because his last state habeas application was denied on August 20, 2000, more than five years before the present action was filed. Accordingly, the court will dismiss this action because it is time barred and because Walls has failed to obtain permission from the Court of Appeals to file another habeas petition in this court. 28 U.S.C. § 2244(b), (d).

Should Walls appeal this dismissal, he must first obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  The court will deny issuance of a certificate of appealability because Walls has failed to present any debatable argument as to whether this court was correct in its procedural ruling.  See Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).

### IV.  Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**

3. A certificate of appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 28th day of October, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE